**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
(Southern Division)

| | |
|---|---|
| DANNY WALKER, Individually and on Behalf of All Others Similarly Situated, | Case No: 8:24-cv-02900-DKC |
| Plaintiff, | |
| v. | CLASS ACTION |
| ILEARNINGENGINES, INC., HARISH CHIDAMBARAN, and SAYYED FARHAN NAQVI | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT, AUSTIN ALSUP'S**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF HIS SELECTION OF COUNSEL**

Plaintiff Austin Alsup ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all persons and entities that purchased or otherwise acquired iLearningEngines, Inc. ("iLearningEngines" or the "Company") securities between April 22, 2024 and August 28, 2024, both dates inclusive (such class, the "Class" and such period, the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel and Movant's selection of the Law Office of Cynthia Leppert, LLC, as Liaison Counsel for the Class.

1

4911-3093-7860, v. 1

## <u>INTRODUCTION AND BACKGROUND</u>

This action was commenced on October 7, 2024 against iLearningEngines, Harish Chidambaran, and Sayyed Farhan Naqvi for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1.

Defendant iLearningEngines purports to be an "AI-powered learning automation" software company.

The complaint alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) the Company's "Technology Partner" was an undisclosed related party; (2) the Company used its undisclosed related party Technology Partner to report "largely fake" revenue and expenses; (3) as a result of the foregoing, the Company significantly overstated its revenue; and (4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Then on August 29, 2024, before the market opened, Hindenburg Research published a report titled "iLearningEngines: An Artificial Intelligence SPAC With Artificial Partners and Artificial Revenue." In its report, Hindenburg Research alleged that nearly all of the Company's revenue and expenses in 2022 and 2023 were run through an undisclosed related party, which the Company refers to as their "Technology Partner." Hindenburg Research further alleged that iLearningEngines uses its undisclosed related party relationship to report revenue and expenses

2

that are "largely fake." Among other things, Hindenburg Research alleged the Company used its undisclosed related party relationship with this Technology Partner to falsely report $138 million in revenue from the Indian market in 2022, when in reality, total revenue was, in fact, approximately $853,471.00, or **99.4%** less than what iLearningEngines' claimed in revenue in the country that period.

On this news, the Company's share price fell $1.70, or 53.3%, to close at $1.49 on August 29, 2024, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

3

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.  Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.  Movant Has a Substantial Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost a significant amount in connection with purchases of iLearningEngines securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

losses in iLearningEngines securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. *Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure*

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

#### 1.    **Movant's Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

4911-3093-7860, v. 1

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about iLearningEngines's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in iLearningEngines securities and is, therefore, extremely motivated to pursue claims in this action.

### D. *Movant Is Presumptively the Most Adequate Plaintiff*

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

6

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

Further, Movant is pursuing a bachelor's degree in business management and has been investing for approximately five years.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. (the "Rosen Firm") as Lead Counsel, and The Law Office of Cynthia Leppert, LLC as Liaison Counsel. The Rosen Firm have been actively researching Movant's and Class Plaintiffs' claims, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the Rosen Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigation, securities fraud class actions, and other complex litigation and obtained substantial recoveries on behalf of investors. The principal of the Law Office of Cynthia Leppert, LLC has been practicing law in Maryland for over 40 years, including as a business litigator and has been a member of this Court for over thirty years. *See* Exhs. 4 and 5 hereto.

As a result of the firms' experience as set forth in Exhibits 4 and 5, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel and The Law Office of Cynthia Leppert, LLC, as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: December 6, 2024                Respectfully submitted,

**LAW OFFICE OF CYNTHIA LEPPERT, LLC**

By: _____ */s/ Cynthia L. Leppert* _____
Cynthia L. Leppert, Esq. (Bar No. 05857)
1 W. Pennsylvania Avenue, Suite 980
Towson, Maryland 21204
Telephone: 410-672-4022
Fax: 410-672-4350
Email: CLL@cynthialeppertlaw.com

*Counsel for Plaintiff and Proposed Liaison*
*Counsel for the Cass*


**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com

*Counsel for Plaintiff and Proposed Lead Counsel*
*for the Class*
***Motion for Admission Pro Hac Vice forthcoming***

4911-3093-7860, v. 1

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Counsel for Plaintiff*
***Motion for Admission Pro Hac Vice forthcoming***

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


　　　　*/s/ Cynthia L. Leppert*
Cynthia L. Leppert

9

4911-3093-7860, v. 1