**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Southern Division)

| | |
|---|---|
| DANNY WALKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ILEARNINGENGINES, INC., HARISH CHIDAMBARAN, and SAYYED FARHAN NAQVI,<br><br>Defendants. | Case No: 8:24-cv-02900-DKC<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF**
**MOVANT ERIK BAYARD FOR APPOINTMENT AS LEAD**
**PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND.................................................................................................... 2

ARGUMENT............................................................................................................................ 3

I.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF......................... 3

      A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff............. 3

      B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA .............................. 5

            1.    Movant Filed a Timely Motion....................................................................... 5

            2.    Movant Has the Largest Financial Interest in the Relief Sought................ 5

            3.    Movant Meets Rule 23's Typicality and Adequacy Requirements ............ 6

                  a.    Movant's Claims Are Typical of the Claims of the Class .............. 7

                  b.    Movant Is an Adequate Representative ......................................... 8

II.   MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED................................ 9

CONCLUSION........................................................................................................................ 10

i

## TABLE OF AUTHORITIES

**Cases**

*Hassine v. Jeffes*,
    846 F.2d 169 (3d Cir. 1988) ................................................................................................. 8

*Haung v. Acterna Corp.*,
    220 F.R.D. 255 (D. Md. 2004) ............................................................................................. 7

*Johnson v. Pozen, Inc.*,
    No. 1:07CV599, 2008 U.S. Dist. LEXIS 12004 (M.D.N.C. Feb. 15, 2008).............................. 7

*Klugmann v. Am. Capital Ltd.*,
    No. PJM 09-5, 2009 U.S. Dist. LEXIS 71895 (D. Md. Aug. 12, 2009) ................................. 4, 7

*In re Royal Ahold N.V. Sec. and ERISA Litig.*,
    219 F.R.D. 343 (D. Md. 2003) ...................................................................................... passim

*Tchatchou v. India Globalization Capital, Inc.*,
    No. 8:18-cv-03396-PWG, 2019 U.S. Dist. LEXIS 33329 (D. Md. Feb. 28, 2019) ............ 5, 8, 9

*Weiss v. York Hosp.*,
    745 F.2d 786 (3d Cir. 1984) ................................................................................................ 7

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................................................. 3

15 U.S.C. § 78u-4(a)(3)(A) ...................................................................................................... 4, 5

15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................................... 1, 3

15 U.S.C. § 78u-4(a)(3)(B)(i) ...................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..................................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ............................................................................................ 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ....................................................................................... 4, 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb) .......................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................................... 9

15 U.S.C. § 78u-4(e) ................................................................................................ 6

**Rules**

Fed. R. Civ. P. 23(a) .............................................................................................. 7

Fed. R. Civ. P. 23(a)(3).......................................................................................... 7

Fed. R. Civ. P. 23(a)(4).......................................................................................... 8

Movant Erik Bayard ("Movant" or "Bayard") hereby respectfully submits this Memorandum of Law in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel and Law Office of Peter T. Nicholl ("Nicholl Law") as Liaison Counsel (the "Motion") pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3).

## **PRELIMINARY STATEMENT**

Presently pending before the Court is a securities class action lawsuit (the "Action") brought on behalf of a "Class" consisting of all persons and entities, other than defendants (as defined below), that purchased or otherwise acquired iLearningEngines, Inc. ("iLearningEngines" or the "Company") securities between April 22, 2024 and August 28, 2024, inclusive (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against iLearningEngines and certain of its top officials (collectively, the "Defendants").

The PSLRA, as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B); *see also In re Royal Ahold N.V. Sec. and ERISA Litig.*, 219 F.R.D. 343, 348 (D. Md. 2003). Movant has lost $16,594.20 as a result of the alleged fraud during the Class Period.[1] Movant believes that he has the largest financial

---

[1] A signed certification identifying Movant's iLearningEngines transactions during the Class Period, as required by the PSLRA, as well as a chart identifying his losses, are attached to the

1

interest in the outcome of the Action.  Moreover, Movant satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class, and in that he will fairly and adequately represent the interests of the Class.

Accordingly, the Court should grant Movant's Motion in its entirety.

### FACTUAL BACKGROUND

iLearningEngines purports to be an "AI-powered learning automation" software company. ¶¶ 2, 16.[2]  The Company is incorporated under the laws of Delaware with its principal executive offices located in Bethesda, Maryland.  ¶ 12.  iLearningEngines' common stock trade on the NASDAQ exchange under the symbol "AILE."  *Id*.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects.  ¶¶ 17-27.  Specifically, Defendants failed to disclose to investors: (1) that the Company's "Technology Partner" was an undisclosed related party; (2) that the Company used its undisclosed related party Technology Partner to report "largely fake" revenue and expenses; (3) that, as a result of the foregoing, the Company significantly overstated its revenue; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶¶ 5, 28.

On August 29, 2024, before the market opened, Hindenburg Research published a report titled "iLearningEngines: An Artificial Intelligence SPAC With Artificial Partners and Artificial

accompanying Declaration of Scott E. Nevin ("Nevin Decl." or "Nevin Declaration"), as Exhibits 1 and 2, respectively.

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws filed on October 7, 2024 (the "Complaint").  ECF No. 1.  The allegations set forth in the Complaint are incorporated herein by reference.

Revenue." ¶¶ 3, 29.  In its report, Hindenburg Research alleged that nearly all of the Company's revenue and expenses in 2022 and 2023 were run through an undisclosed related party, which the Company refers to as their "Technology Partner." *Id*.  Hindenburg Research further alleged that iLearningEngines uses its undisclosed related party relationship to report revenue and expenses that are "largely fake." *Id*.  Among other things, Hindenburg Research alleged the Company used its undisclosed related party relationship with this Technology Partner to falsely report $138 million in revenue from the Indian market in 2022, when in reality, total revenue was, in fact, approximately $853,471.00, or 99.4% less than what iLearningEngines claimed in revenue in the country that period.  *Id*.

On this news, the Company's share price fell $1.70, or 53.3%, to close at $1.49 on August 29, 2024, on unusually heavy trading volume.  ¶¶ 4, 30.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.  ¶ 6.

<u>**ARGUMENT**</u>

**I.     THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF**

> **A.     The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff**

The PSLRA mandates that the Court decide the lead plaintiff issue "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The PSLRA provides that (1) the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after the filing of the first complaint, and (2) any class member may move for appointment as Lead Plaintiff

3

within 60 days after the date on which the notice is published.  15 U.S.C. § 78u-4(a)(3)(A); *see*

*Klugmann v. Am. Capital Ltd.*, No. PJM 09-5, 2009 U.S. Dist. LEXIS 71895, at *5 (D. Md. Aug.

12, 2009).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on

which a notice is published, consider any motion filed by any purported class member in response

to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable

of adequately representing the interests of class members."  *Id*.  The PSLRA provides a

presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of

persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Klugmann*, 2009 U.S. Dist. LEXIS 71895, at *5-6.  The

presumption may be rebutted only upon proof by another class member that the presumptive most

adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to

unique defenses that render such plaintiff incapable of adequately representing the class."  15

U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), (bb).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA

and has, what is to the best of his knowledge, the largest financial interest in the litigation of any

other Class member(s) seeking appointment as lead plaintiff.  Movant is also unaware of any

unique defenses against him that Defendants could raise.  Therefore, Movant is entitled to the

presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be

appointed lead plaintiff in the Action.

### B.      Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movant should be appointed lead plaintiff because he satisfies all of the requirements of the PSLRA.  Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

### 1.      Movant Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff published notice of the pendency of the Action on October 7, 2024, within 20 days of the filing of the Complaint, through *Business Wire*, a widely circulated national business-oriented wire service.  *See* Nevin Decl., Ex. 3.  The notice informed members of the proposed Class of the 60-day deadline to seek appointment as lead plaintiff, which is December 6, 2024.  *See id.*; 15 U.S.C. § 78u-4(a)(3)(A) and (B).  Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

### 2.      Movant Has the Largest Financial Interest in the Relief Sought

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class.  *See* Nevin Decl., Ex. 2 (Loss Chart).  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *See Tchatchou v. India Globalization Capital, Inc.*, No. 8:18-cv-03396-PWG, 2019 U.S. Dist. LEXIS 33329, at *11-12 (D. Md. Feb. 28, 2019) ("In the absence of a statutory directive, many courts have applied a four-factor test: (1) the number of shares purchase; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses

5

suffered by the plaintiffs . . . The fourth factor is widely considered the most important.") (internal citations omitted).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

Within the Class Period, Movant purchased iLearningEngines securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant has suffered substantial losses of $16,594.20 under a last-in-first-out ("LIFO") analysis as a result of Defendants' alleged misstatements and omissions. *See Royal Ahold*, 219 F.R.D. at 349 (noting that courts prefer losses to be calculated under LIFO); *see also* Nevin Declaration, Ex. 2 (Loss Chart). Movant, thus, has a significant financial interest in the outcome of this Action. To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3. Movant Meets Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the

6

representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. *See Klugmann*, 2009 U.S. Dist. LEXIS 71895, at *14; *see also Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

### a.    Movant's Claims Are Typical of the Claims of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. A plaintiff satisfies the typicality requirement if the plaintiff has: (1) suffered the same injuries as the absent class members; (2) the injuries are as a result of the same course of conduct by defendants; and (3) the plaintiff's claims are based on the same legal issues that prove the defendant's liability. Fed. R. Civ. P. 23(a)(3); *see also Royal Ahold*, 219 F.R.D. at 350; *see also Johnson v. Pozen, Inc.*, No. 1:07CV599, 2008 U.S. Dist. LEXIS 12004, at *5 (M.D.N.C. Feb. 15, 2008) (quoting *Weiss v. York Hosp.*, 745 F.2d 786, 810 n.36 (3d Cir. 1984)).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with, the claims of the other Class members. *Id*. Movant, like the other members of the Class, acquired iLearningEngines securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and those losses

were a result of Defendants' common course of wrongful conduct.  Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3) for the purposes of this Motion.  *See Royal Ahold*, 219 F.R.D. at 350.

**b.      Movant Is an Adequate Representative**

Movant is also an adequate representative for the Class.   Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4); *see also Royal Ahold*, 219 F.R.D. at 351.  Adequate representation will be found if: (1) "the movant has the ability to represent the claims of the class vigorously"; (2) whether movant "has obtained adequate counsel"; and (3) "whether there is a conflict between the movant's claims and those asserted on behalf of the class." *Id.* at 351; *India Globalization*, 2019 U.S. Dist. LEXIS 33329, at \*16 (citing *Hassine v. Jeffes*, 846 F.2d 169, 179 (3d Cir. 1988) ([Court should consider if Movant] "has the ability and incentive to represent the claims of the class vigorously, whether it has obtained adequate counsel, and whether there is a conflict between the movant's claims and those asserted on behalf of the class")).  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of a movant and other members of the class.  15 U.S.C. § 78u-4(a)(3)(B).

Movant meets the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class.  Movant resides in Gainesville, Florida and has approximately four years of investing experience.  He has a degree in business administration and management information systems and owns a purchasing and exporting company.  Not only is there no evidence of conflict between the interests of Movant and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss incurred as a result of the wrongful conduct alleged therein.  *See Royal Ahold*, 219

8

F.R.D. at 350.  Indeed, Movant has already taken steps that demonstrate that he recognizes and will protect the interests of the Class, including:  (1) executing a certification detailing its Class Period transactions and expressing his willingness to serve as Class representative; (2) moving this Court to be appointed lead plaintiff; and (3) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities violations.  Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and therefore satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  In addition, because Movant sustained the largest amount of losses from Defendants' alleged wrongdoing, Movant is the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

## II.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  15 U.S.C. § 78u-4(a)(3)(B)(v); *India Globalization*, 2019 U.S. Dist. LEXIS 33329, at *24.  The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Here, Movant has selected and retained BES as proposed Lead Counsel and Nicholl Law as proposed Liaison Counsel for the Class.

As set forth in its accompanying firm résumé (Nevin Decl., Ex. 4), BES is highly accomplished in, and is currently acting as lead counsel in, a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors.  The members of BES have

9

extensive experience in successfully prosecuting complex securities class actions such as this and are well-qualified to represent the Class.

Thus, this Court may be assured that if the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court:  (1) appoint Erik Bayard as Lead Plaintiff on behalf the Class; (2) approve Movant's selection of BES as Lead Counsel and Nicholl Law as Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED:  December 6, 2024

Respectfully submitted,

**LAW OFFICE OF PETER T. NICHOLL**

By: /s/ *Scott E. Nevin*
Scott E. Nevin, Bar No. 22478
36 South Charles Street, Suite 1700
Baltimore, MD 02120
Telephone: (410) 260-0183
Facsimile: (410) 244-1047
snevin@nicholllaw.com

*Liaison Counsel for Movant Erik Bayard*

**BRAGAR EAGEL & SQUIRE, P.C.**
Badge Humphries
(*pro hac vice* application forthcoming)
2113 Middle Street, Suite 305
Sullivan's Island, South Carolina 29482
Telephone:  (843) 883-7444
Email:  humphries@bespc.com

*Counsel for Movant Erik Bayard and Proposed Lead Counsel for the Class*

**GIBBS LAW GROUP LLP**
Eileen Epstein Carney

10

(*pro hac vice* application forthcoming)
1111 Broadway, suite 2100
Oakland, California 94607
Telephone:  (510) 350-9700
Facsimile:  (510) 350-9701
Email:  eje@classlawgroup.com

*Additional Counsel for Movant Erik Bayard*

11

**CERTIFICATE OF SERVICE**

I, Scott E. Nevin, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 6th day of December, 2024.

/s/ Scott E. Nevin
Scott E. Nevin

12