**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **DANNY WALKER,**<br>350 E Georgia Ave.<br>Many, Louisiana 71449<br><br>Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>**ILEARNINGENGINES, INC.,**<br>6701 Democracy Blvd., Suite 300<br>Bethesda, Maryland 20817<br>(Montgomery County)<br><br>Harish Chidambaran,<br>c/o 6701 Democracy Blvd., Suite 300<br>Bethesda, Maryland 20817<br>(Montgomery County)<br><br>Sayyed Farhan Naqvi,<br>c/o 6701 Democracy Blvd., Suite 300<br>Bethesda, Maryland 20817<br>(Montgomery County)<br><br>      Defendants. | Case No. 8:24-cv-02900-DKC |

**MEMORANDUM OF LAW IN SUPPORT OF DANNY WALKER'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Danny Walker ("Walker") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Walker as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Walker's selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as co-lead counsel and Weisbrod Matteis & Copley PLLC as liaison counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired iLearningEngines, Inc. ("iLearningEngines" or the "Company") securities between April 22, 2024 and August 28, 2024, inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Walker is the "most adequate plaintiff" as defined by the PSLRA.

Walker believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Walker satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision,

Walker respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Walker's selection of Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as co-co-lead counsel and Weisbrod Matteis & Copley PLLC ("WMC") as liaison counsel for the class should be approved because the firms have plaintiff and/or defense-side class action expertise, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

iLearningEngines purports to be an "AI-powered learning automation" software company.

On August 29, 2024, before the market opened, Hindenburg Research published a report titled "iLearningEngines: An Artificial Intelligence SPAC With Artificial Partners and Artificial Revenue."  In its report, Hindenburg Research alleged that nearly all of the Company's revenue and expenses in 2022 and 2023 were run through an undisclosed related party, which the Company refers to as their "Technology Partner." Hindenburg Research further alleged that iLearningEngines uses its undisclosed related party relationship to report revenue and expenses that are "largely fake." Among other things, Hindenburg Research alleged the Company used its undisclosed related party relationship with this Technology Partner to falsely report $138 million in revenue from the Indian market in 2022, when in reality, total revenue was, in fact, approximately $853,471.00, or 99.4% less than what iLearningEngines' claimed in revenue in the country that period.

On this news, the Company's share price fell $1.70 or 53.3%, to close at $1.49 on  August 29, 2024, on unusually heavy trading volume.

The complaint filed in this action alleges that, throughout the Class Period, Defendants made materially false and misleading statements regarding the above issues and the Company's business and operations. Specifically, Defendants failed to disclose to investors: (1) that the

2

Company's "Technology Partner" was an undisclosed related party; (2) that the Company used its undisclosed related party Technology Partner to report "largely fake" revenue and expenses; (3) that, as a result of the foregoing, the Company significantly overstated its revenue; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the class have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Walker Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Walker satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Walker has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Walker is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Walker respectfully submits that he should be appointed lead plaintiff. *See Tchatchou v. India Globalization Cap., Inc.*, No. 18-cv-03396-PWG, 2019 WL 1004591, at *3-*4 (D. Md. Feb. 28, 2019).

### 1.    Walker Filed the Complaint and a Timely Motion

Walker filed the complaint in this action and has made a timely motion in response to a PSLRA early notice. On October 7, 2024, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Stephen Weisbrod ("Weisbrod Decl.") Ex. A. Therefore, Walker had sixty days (*i.e.*, until December 6, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of iLearningEngines securities during the Class Period, Walker is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Walker attests that he has reviewed the complaint, and is willing to serve as a representative of the class. *See* Dkt. No. 1-5. Accordingly, Walker satisfies the first requirement to serve as lead plaintiff for the class.

4

### 2.   Walker Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Walker believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Walker purchased iLearningEngines stock during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $1,343.20. *See* Weisbrod Decl., Ex. B. To the best of his knowledge, Walker is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Walker believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3.   Walker Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "the court 'need only determine (1) whether the movant's claims or

5

defenses are typical of the class's claims or defense, and (2) whether the movant will fairly and adequately protect the interests of the class.'" *Tchatchou*, 2019 WL 1004591, at *6 (citation omitted). Moreover, at the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *See id.* at *7.

### a)    Walker's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff suffers the same injuries as the class and when the claims are based on the same legal theory. *Ortmann v. Aurinia Pharms. Inc.*, No. 22-cv-1335, 2023 WL 2139796, at *3 (D. Md. Feb. 20, 2023).

Walker's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Walker alleges that Defendants' material misstatements and omissions concerning iLearningEngines's business, operations, and financial prospects violated the federal securities laws. Walker, like all members of the class, purchased iLearningEngines stock in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Walker's interests and claims are "typical" of the interests and claims of the class.

### b)    Walker Is an Adequate Representative

The adequacy requirement is satisfied if the plaintiff has the ability and incentive to represent the claims of the class vigorously, if he obtained adequate counsel, and there is no conflict between his claims and those asserted on behalf of the class. *Ortmann*, 2023 WL 2139796, at *3.

Walker has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Weisbrod Decl., Ex. B. Walker

is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Walker is adequate to represent the class and should be appointed as lead plaintiff.

### B.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Here, Walker has retained GPM and Holzer as co-lead counsel and WMC as liaison counsel to pursue this litigation on his behalf and will retain the firms as the class's counsel in the event he is appointed lead plaintiff. GPM and Holzer collectively possess extensive experience as reflected by the firms' résumés attached to the Weisbrod Declaration as Exhibits C and D. WMC likewise has extensive experience representing life insurance policyholders in class actions, companies and individuals in connection with many D&O insurance matters, including disputes relating to coverage for securities class actions, and investors in non-class action litigation. Thus, the Court may be assured that, by granting the motion, the class will receive the highest caliber of legal representation.

### IV.    CONCLUSION

For the foregoing reasons, Walker respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Walker as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as co-lead counsel for the class and Weisbrod Matteis & Copley PLLC as liaison counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: December 6, 2024

**WEISBROD MATTEIS & COPLEY PLLC**

By: */s/ William E. Jacobs*
Stephen A. Weisbrod (# 14795)
William E. Jacobs (#21975)
3000 K Street, NW, Suite 275
Washington, DC 20007
Telephone: (202) 499-7900
Email: sweisbrod@wmclaw.com
         wjacobs@wmclaw.com

*Liaison Counsel for Danny Walker and Proposed*
*Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan (*pro hac vice* to be filed)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Danny Walker and Proposed Co-Lead*
*Counsel for the Class*

8