# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

(Southern Division)

| | |
|---|---|
| **DANNY WALKER,** Individually and on Behalf of All Others Similarly Situated, | Civil Action No. DKC 24-2900 |
| Plaintiff, | **RESPONSE TO ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED WITHOUT PREJUDICE** |
| v. | |
| **ILEARNINGENGINES, INC.,** *et al.* | |
| Defendants. | |

Movant, Louis Leveque, makes the following submission showing cause why the complaint should not be dismissed as to Defendants Harish Chidambaran and Nayyed Farhan Naqvi without prejudice. As set forth in greater detail herein and in the attached declarations of Charles Linehan and Nicholas Porritt, counsel for Plaintiff, Danny Walker, and Movant, Louis Leveque, have been diligent and taken reasonable efforts to effect service upon Defendants since the filing of this proceeding. Furthermore, as of February 4, 2025, both remaining Defendants, Defendants Harish Chidambaran and Nayyed Farhan Naqvi, have been personally served. Accordingly, Movant respectfully requests that the Court not dismiss the complaint without prejudice.

**PROCEDURAL HISTORY.**

Plaintiff, Danny Walker, commenced this action against Defendants iLearningEngines, Inc., Harish Chidambaran and Nayyed Farhan Naqvi, on October 7, 2024 (ECF No. 1) alleging claims pursuant to §§ 10 and 20 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j and 78t on behalf of a proposed class of investors in iLearningEngines, Inc. In accordance with the terms of § 21D of the Act, 15 U.S.C. § 78u-4, motions for appointment as lead plaintiff were filed on December 6, 2024. Plaintiff, Movant, as well as two other movants, filed timely motions. *See* ECF Nos. 3-13. By December 23, 2024, Plaintiff and all other movants had either withdrawn their motion for appointment as lead plaintiff or indicated their non-opposition to Movant's appointment. On December 24, 2024, iLearningEngines, Inc. filed a Suggestion of Bankruptcy in this proceeding (ECF No. 18) and, on December

27, 2024, the Court administratively closed this action as to iLearningEngines, Inc. without prejudice. ECF No. 19.

**EFFORTS TO EFFECT SERVICE.**

While the motions for appointment as lead plaintiff were still pending, counsel for both Plaintiff and Movant made diligent and reasonable efforts to effect service on defendants. Glancy Prongay & Murray, LLP, counsel for Plaintiff, communicated with Cooley LLP, iLearning Engine, Inc.'s corporate counsel identified in its filings with the United States Securities & Exchange Commission. On October 21, 2024, Cooley advised Glancy that "the company has asked us to accept service of the complaint and work out the usual scheduling stipulation." The email advised that individual defendants were in the process of retaining counsel. *See* Linehan Decl. at ¶ 3. On December 19, 2024, Cooley advised that it would no longer represent iLearning Engine, Inc. in this proceeding and directed Plaintiff's counsel to Miller & Chevalier and Mintz as counsel potentially representing Messrs. Chidambaran and Naqvi. *Id.* at ¶ 6. On December 24, 2025, iLearningEngines, Inc. filed for bankruptcy. On January 15, 2025, counsel at Glancy sent emails to attorneys at Miller & Chevalier and Mintz requesting that they contact counsel for the presumptive lead plaintiff regarding a schedule for responding to the complaint. ¶ 10.  On January 29, 2024, attorneys at Levi & Korsinsky LLP, counsel for Movant, also sent emails to attorneys at Miller & Chevalier, and Mintz requesting a conference to discuss, on behalf of the remaining defendants, Messrs. Chidambaran and Naqvi, a schedule for responding to the complaint. *See* Porritt Decl. at ¶ 5 and Ex. A. On January 30, 2025,

2

an attorney at Miller & Chevalier responded that it did not represent Mr. Chidambaran in this action. *Id.* at ¶ 6 and Ex. A. No attorney at Mintz responded to the emails from either Glancy or Levi & Korsinsky. *See* Linehan Decl. at ¶11; Porritt Decl at ¶ 7.

Following this Court's order on January 31, 2025, Levi & Korsinsky arranged for service to be effected personally on Messrs. Chidambaran and Naqvi. Mr. Chidambaran was served on February 4, 2025 and Mr. Naqvi was served on February 3, 2025. Affidavits of service will be filed in this action with this submission.

**THE COMPLAINT SHOULD NOT BE DISMISSED.**

Federal Rule of Civil Procedure 4(m) provides that a court may extend the time for service of a complaint where good cause is shown for the failure to serve within ninety days of filing the complaint. Similarly, Local Civil Rule 103.8(a) provides for dismissal without prejudice unless the plaintiff can show good cause otherwise. Here, counsel for Plaintiff and Movant have shown diligence in attempting to effect service of process. It is customary in securities class actions for service to be accepted by counsel and not be personally served. Plaintiff's counsel followed this standard practice and received a communication of an agreement to accept service of the complaint within two weeks of filing the complaint. *See* Linehan Decl. ¶ 3. Since learning of the decision by iLearningEngine not to retain Cooley and its subsequent filing for bankruptcy, both counsel for Plaintiff and for Movant have promptly contacted counsel for individual defendants regarding responding to the complaint but without success. Finally, counsel for Movant has arranged for service to be

effected personally on Messrs. Chidambaran and Naqvi.

In light of these diligent efforts to effect service, the personal service that has now been effected, and the continuing pendency of his motion for appointment as lead plaintiff, Movant respectfully submits that he has shown good cause why the complaint should not be dismissed without prejudice pursuant to Rule 4(m) and Local Rule 103.8(a).

Respectfully submitted,

Dated:  February 13, 2025          LEVI & KORSINSKY, LLP

/s/ *Nicholas Porritt*
Nicholas I. Porritt (Bar No. 17078)
1101 Vermont Ave. NW Suite 800
Washington, DC 20005
Tel: (202) 524-4290
Fax: (212) 363-7171
Email: nporritt@zlk.com

*Attorneys for Movant Louis Leveque*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2025 I caused the above paper, Response To Order To Show Cause Why Complaint Should Not Be Dismissed Without Prejudice, to be served via U.S. Mail on the following Defendants:

Harish Chidambaran
1000 Willowleaf Way,
Rockville, MD 20854

Sayyed Naqvi
4231 Creek Shore Lane,
Fulshear, TX 77441

/s/ *Nicholas Porritt*

Nicholas I. Porritt (Bar No. 17078)

1