```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

DANNY WALKER, individually and   :
on behalf of all others
similarly situated               :

     v.                          :   Civil Action No. DKC 24-2900

                                 :
ILEARNINGENGINES, INC., et al.
                                 :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this putative securities class action are: (1) the motion to appoint counsel and for appointment as lead plaintiff, filed by Louis Leveque (ECF No. 3); (2) the motion for appointment as lead plaintiff and approval of selection of lead counsel, filed by Austin Alsup (ECF No. 5); (3) the motion for appointment as lead plaintiff and approval of selection of counsel, filed by Erik Bayard (ECF No. 6); (4) the motion to appoint counsel and for appointment as lead plaintiff, filed by Danny Walker (ECF No. 7); and (5) the joint motion for extension of time for Defendants Harish Chidambaran and Sayyed Farhan Naqvi (collectively "Defendants") to respond to the complaint (ECF No. 32).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to appoint counsel and for appointment as lead plaintiff, filed by Louis Leveque will be granted, the motions for appointment as lead plaintiff and

approval of selection of lead counsel, filed by Austin Alsup, Erik Bayard, and Danny Walker, will each be denied, and the joint motion for extension of time for Defendants to respond to the complaint will be granted.

I.  **Background**

On October 7, 2024, Danny Walker ("Mr. Walker") filed a securities class action complaint on behalf of himself and others who purchased or otherwise acquired securities of iLearningEngines, Inc. between April 22, 2024, and August 28, 2024. This action is subject to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.  Pursuant to the PSLRA, Mr. Walker caused a notice to be published October 7, 2024.  *See* § 78u-4(a)(3)(A)(i).  Accordingly, any member of the purported class had sixty days to file a motion to be appointed as lead plaintiff. *See id.*  Louis Leveque ("Mr. Leveque"), Austin Alsup ("Mr. Alsup"), Erik Bayard ("Mr. Bayard"), and Mr. Walker each filed such motions on December 6, 2024.  On December 20, 2024, Mr. Alsup filed a notice of non-opposition to the competing movants seeking appointment as lead plaintiff (ECF No. 14), Mr. Leveque filed a response in support of his motion seeking appointment as lead plaintiff (ECF No. 15), and Mr. Walker filed a notice withdrawing his motion seeking appointment as lead plaintiff (ECF No. 16). Mr. Bayard filed a notice of non-opposition to Mr. Leveque's

competing motion on December 23, 2024 (ECF No. 17). Accordingly, Mr. Leveque's motion is unopposed.

**II. Analysis**

    **a. Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel**

The PSLRA provides that district courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The statute requires the court to adopt a rebuttable presumption that "the most adequate plaintiff" is the plaintiff that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§ 78u-4(a)(3)(B)(iii)(I). The presumption can be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff——(aa) will not fairly and adequately protect the interest of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u-4(a)(3)(B)(iii)(II).

Although Mr. Leveque's motion is unopposed, the court must examine the record to determine whether his appointment to serve as lead plaintiff is proper.  *See Haung v. Acterna Corp.*, 220 F.R.D. 255, 257 (D.Md. 2004).

Mr. Leveque satisfies the first prong because he made a timely motion in response to the notice published by Mr. Walker.

Mr. Leveque asserts that, "[t]o the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest[.]"   (ECF No. 3-1, at 7).   Mr. Leveque's total approximated loss of $38,000.40 is more than Mr. Bayard's loss of $16,594.20, Mr. Alsup's loss of $5,035.52, and Mr. Walker's loss of $1,343.20.  (ECF Nos. 3-3, at 3; 6-4, at 2-3; 5-5, at 2; 7-4, at 2).

The final prong requires the court to analyze the requirements of Fed.R.Civ.P. 23.  As this court has explained:

> Courts have narrowed this inquiry for the purposes of the [P]SLRA to only the typicality and adequacy requirements under Rule 23(a). *See Klugmann v. Am. Cap. Ltd.*, No. 09-cv-5-PJM, 2009 WL 2499521, at *5 (D.Md. Aug. 13, 2009).  The typicality requirement is met "when the representative plaintiff suffers the same injuries as the class and when the claims are based on the same legal theory." *Id.*  The adequacy requirement is met when "the purported class representative and its attorney are capable of pursuing the litigation and . . . neither has a conflict of interest with other class members."  *Id.* (quoting *Johnson v. Pozen Inc.*, No. 1:07CV599,

4

> 2008 WL 474334, at *2 (M.D.N.C. Feb. 15, 2008)). This inquiry is "confined to determining whether the movant has made a prima facie showing of typicality and adequacy." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3ᵈ Cir. 2001); *see also Chamblee v. Terraform Power, Inc.*, No. 16-cv-981-PX, 2016 WL 4039178, at *2 (D.Md. July 28, 2016). Courts consider "the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted." *In re Cendant Corp. Litig.*, 264 F.3d at 264.

*Fagen v. Enviva Inc.*, No. 22-2844-DKC, 2023 WL 1415628, at *2 (D.Md. Jan. 31, 2023).

Mr. Leveque shares the same claims as the other class members. Mr. Leveque alleges, as do each of the other class members, that he acquired iLearningEngines, Inc. securities during the class period, that the prices of those securities were artificially inflated by Defendants' materially false and misleading statements, and that he suffered losses due to Defendants' materially false and misleading statements. (ECF Nos. 3-1, at 8; 3-4, at 2). There is no suggestion of a conflict of interest with other class members and because of Mr. Leveque's large financial loss, he has a significant interest in vigorously prosecuting this action on behalf of the class. Accordingly, Mr. Leveque is entitled to a presumption that he is the most adequate plaintiff. Because no evidence has been presented rebutting that presumption, Mr. Leveque will be appointed as lead plaintiff in this action.

As lead plaintiff, Mr. Leveque may choose lead counsel "subject to the approval of the court." 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Leveque has selected the law firm of Levi & Korinsky, LLP. The exhibits submitted in support of Mr. Leveque's selection demonstrates that Levi & Korinsky, LLP has ample experience prosecuting securities cases of this nature. (ECF No. 3-7). Accordingly, Levi & Korinsky, LLP will be approved as lead counsel.

## I.   Motion for Extension of Time

The parties filed a joint motion for extension of time for Defendants to respond to the complaint. The parties request that the court extend the time for Defendants to answer, move to dismiss, or otherwise respond to the complaint until after a lead plaintiff is appointed and an amended complaint, if required, is filed. The parties' joint motion will be granted.

## II.   Conclusion

For the foregoing reasons, the motion to appoint counsel and for appointment as lead plaintiff, filed by Mr. Leveque will be granted, the motions for appointment as lead plaintiff and approval of selection of lead counsel, filed by Mr. Alsup, Mr. Bayard, and Mr. Walker, will each be denied, and the joint motion for extension of time for Defendants to respond to the complaint will be granted.

                                        /s/
                                DEBORAH K. CHASANOW
                                United States District Judge