**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DANNY WALKER, *Individually and on Behalf of All Others Similarly Situated*,<br><br>                              Plaintiff,<br><br>        v.<br><br>ILEARNINGENGINES, INC., *et al.*,<br><br>                              Defendants. | Civil Action No. 8:24-cv-02900-DKC<br><br>Hon. Deborah K. Chasanow |

**DEFENDANT MARCUM LLP'S NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF MOTION TO DISMISS THE AMENDED CLASS ACTION**
**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Defendant Marcum LLP ("Marcum") respectfully submits the attached opinion, which was issued on November 10, 2025 in *Hunt v. PricewaterhouseCoopers LLP (PwC)*, No. 24-3568, — F.4th ----, 2025 WL 3137726 (9th Cir. Nov. 10, 2025). The Ninth Circuit's opinion constitutes the second circuit court opinion to confirm the applicability of the pleading requirements of *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175 (2015), to a Section 11 claim brought against an independent accountant. In affirming *Hunt v. Bloom Energy Corp.*, 2021 WL 4461171 (N.D. Cal. Sept. 29, 2021) (on which Marcum relied in its briefing, *see, e.g.*, Dkt. 80-1 ("MTD") at 10–11; Dkt. 102 ("Reply"), at 2, 4, 6)), the Ninth Circuit held without qualification that plaintiffs asserting Section 11 claims against an auditor must "challenge[] [auditors] based on their audit opinion as *Omnicare* outlines." Ex. A at 18. *See also id.* (quoting *Omnicare*, 575 U.S. at 186, 194) (noting that audit opinions give rise to Section 11 liability *only* when a plaintiff plausibly pleads "(1) 'the speaker did not hold the belief she professed'; (2) 'the supporting fact[s] [the speaker] supplied were untrue'; or (3) the opinion omits facts 'whose omission makes the opinion statement at issue misleading.'"). The *Hunt* court also rejected

outright the notion that Section 11 applies strict liability to auditors: "Accountants do not, 'by virtue of auditing a company's financial statements, somehow make, own or adopt the assertions contained therein.'" Ex. A at 20 (quoting *Deephaven Priv. Placement Trading, Ltd. v. Grant Thornton & Co.*, 454 F.3d 1168, 1174 (10th Cir. 2006)).

In so holding, the Ninth Circuit joined the Second Circuit (*Querub v. Hong Kong*, 649 F. App'x 55 (2d Cir. 2016)), in accepting Marcum's argument for dismissal.[1] Both courts have now squarely held that Marcum's analysis of Section 11 is the correct one. *See* Ex. A at 18; *see also Querub*, 649 F. App'x at 58 ("Audit reports, labeled 'opinions' and involving considerable subjective judgment, are statements of opinion subject to the *Omnicare* standard for Section 11 claims."). What's more—the *Hunt* opinion also implicitly overrules the sole post-*Omnicare* authority Plaintiffs cite on the question of *Omnicare's* applicability to Section 11 claims against an auditor. *Compare Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*, 243 F. Supp. 3d 1109, 1118 (E.D. Cal. 2017) (declining to adopt the reasoning in *Querub* because it was (1) "without precedential value … not binding on this Court[, and it] did not consider the pertinent question here: whether an audit report included in a registration statement constitutes a certification of the audited financial statements.") *with* Ex. A at 1, 24 (binding Ninth Circuit precedent; holding that "an accountant's certification of financial statements is nothing more than an opinion. … *Omnicare* protects opinions from liability unless one of the three exceptions is met."). *See also* Reply at 6–7 (discussing *Marrone*); Dkt. 91 ("Opp.") at 13.

The *Hunt* Court's analysis is squarely on point for purposes of Marcum's Motion to Dismiss. An auditor who does no more than issue an opinion on underlying financial statements

---

[1] *See, e.g.*, MTD at 11–12; Reply at 5–7. Lead Plaintiffs sought to minimize the impact of *Querub* as an unpublished opinion. Even if that distinction had merit, which Marcum disputes, *see* Reply at 6 n.3, *Hunt* is not subject to the same challenge.

is not strictly liable for material misrepresentations therein; a plaintiff who seeks to bring a claim against such an auditor must plausibly do so in accordance with *Omnicare*'s framework. *See* Ex. A at 18-19. As Plaintiffs tacitly conceded in their opposition, *see* Opp. at 3, they have not done so. Marcum's motion to dismiss should be granted with prejudice. *See* MTD at 12–16; Reply at 2–5.

Dated: November 17, 2025

Respectfully submitted,

*/s/ Shirlethia V. Franklin*
Shirlethia V. Franklin
D. Md. Bar No. 28662
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
T: 202.879.3892
E: sfranklin@jonesday.com

Adrienne Ferraro Mueller
Jacob J. Thackston
*Admitted Pro Hac Vice*
JONES DAY
901 Lakeside Ave.
Cleveland, OH 44114
T: 216.586.3939
E: afmueller@jonesday.com
   jthackston@jonesday.com

Samir Kaushik
*Admitted Pro Hac Vice*
JONES DAY
2727 North Harwood Street, Suite 500
Dallas, Texas 75201-1515
T: 214.220.3939
E: skaushik@jonesday.com

*Attorneys for Defendant Marcum LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2025, I electronically filed the foregoing Motion to Dismiss by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

/s/ Shirlethia V. Franklin
Shirlethia V. Franklin